Deon POWELL, Plaintiff–Appellant,

v.

Frank MESSARY; Laura Dotson, Defendants–Appellees.

No. 00–1573.

United States Court of Appeals, Sixth Circuit.

March 19, 2001.

Before MERRITT, NELSON, and SUHRHEINRICH, Circuit Judges.

## ORDER

Deon Powell appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Powell filed his civil rights complaint as a pauper, primarily alleging that he had not received adequate medical treatment while he was incarcerated in a Michigan prison. The district court dismissed the case on April 19, 2000, because the attachments to the complaint indicated that Powell had received treatment for his condition. *See* 28 U.S.C. §§ 1915(e)(2) *and* 1915A. It is from this judgment that Powell now appeals.

■ A *de novo* review of the record shows that dismissal was appropriate because Powell did not allege a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii). A viable Eighth Amendment claim generally includes both an objective and a subjective component. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component requires a showing that Powell was exposed to a substantial risk of serious harm. *See id.* The subjective component requires a showing that the defendants acted with deliberate indifference or recklessness, that is more than mere negligence. *See id.* at 834–37; *Sanderfer v. Nichols,* 62 F.3d 151, 154 (6th Cir.1995). Moreover, insofar as Powell's claim is based on an alleged delay in treatment, he must place verifying medical evidence in the record to establish the detrimental effect of the delay. *Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir.2001).

■ An examination of the record shows that the defendants provided Powell with medical treatment for his condition, even though he may not have been satisfied with the treatment that he received. In particular, the complaint indicates that the prison health service prescribed several medications and took a blood and urine test to see if they could identify Powell's problem. It also indicates that Powell was seen at the health service "at least eight times in the last 4½ months," although he maintains that he was not treated during those visits. Finally, Powell now admits that he has been "examined and treated with antibiotics," even though he asserts that the treatment was ineffective. Under these circumstances, Powell has alleged no more than a medical malpractice claim that is not cognizable under 42 U.S.C. § 1983. *See Durham v. Nu'Man,* 97 F.3d 862, 868–69 (6th Cir.1996); *Sanderfer,* 62 F.3d at 154–55.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.